UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pioneer Power, Inc., <br><br> Plaintiff, <br><br> v. <br><br> St. Paul Park Refining Co. LLC and Lauren Engineers & Constructors, Inc., <br><br> Defendants. | Case No. 18-cv-1586 (JRT/HB) <br><br> **REPORT AND RECOMMENDATION** |

Aaron A. Dean and Douglas J. MacArthur, Moss & Barnett P.A., 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, for Plaintiff Pioneer Power, Inc.

Shawn M. Raiter and John A. Markert, Larson King, LLP, 2800 Wells Fargo Place, 30 East Seventh Street, Saint Paul, MN 55101; and Paul L. Mitchell and Courtney E. Ervin, Hicks Thomas LLP, 700 Louisiana Street, Suite 2000, Houston, Texas 77002; for Defendant St. Paul Park Refining Co. LLC

Kevin R. Coan and Christopher C. Alexander, Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite 2000, Minneapolis, MN 55402, for Defendant Lauren Engineers and Constructors, Inc.

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendant St. Paul Park Refining Co. LLC's Motion for Judgment on the Pleadings [Doc. No. 15], Defendant Lauren Engineers & Constructors, Inc.'s Motion for Joinder in Motion for Judgment on the Pleadings [Doc. No. 21], Plaintiff Pioneer Power, Inc.'s Motion to Stay the Proceedings Pending the Outcome of Arbitration [Doc. No. 28], and Defendant Lauren Engineers & Constructors,

Inc.'s Motion to Stay Arbitration [Doc. No. 30].[1] The motions were referred to the undersigned by the Honorable John R. Tunheim, Chief Judge, United States District Court, in an Order of Reference dated August 15, 2018. (Order at 1 [Doc. No. 46].) For the reasons set forth below, the Court recommends that this case be stayed in its entirety pending the outcome of the arbitration, that the motion for judgment on the pleadings be denied without prejudice, and that the motion for joinder also be denied without prejudice.

I.     **Background**

This lawsuit arises from an alleged breach of contract involving Pioneer Power, Inc. ("PPI"), St. Paul Park Refining Co. LLC ("St. Paul"), and Lauren Engineers & Constructors, Inc. ("Lauren"). St. Paul hired Lauren as a general contractor on a construction project at a refinery owned by St. Paul,[2] and Lauren hired PPI as a subcontractor to perform certain piping fabrication and installation work. (Compl. ¶¶ 6–7 [Doc. No. 1-1].) The initial subcontract between Lauren and PPI was for the amount of $6,748,624.80. (Compl. ¶ 8.) Through subsequent approved change orders, this amount was later increased to $8,679,888.74. (Compl. ¶ 9.) Of this amount, PPI claims to have been paid only $7,950,127.46, leaving a balance of $729,761.28. (Compl. ¶ 10.) PPI further claims that Lauren and St. Paul owe it an additional amount of $2,026,214.41 for

---

[1] St. Paul filed a Motion to Quash Arbitration Subpoena and Objections to Arbitration Subpoena [Doc. No. 67] on October 11, 2018. That motion is not yet fully briefed and thus not ripe for resolution.

[2] With the Court's permission, PPI filed a copy of the contract between St. Paul and Lauren after the hearing. [Doc. No. 58.]

delaying and disrupting PPI's planned schedule, interfering with PPI's work, and forcing PPI to incur overtime hours, extra labor hours, added equipment and welding costs, and indirect costs. (Compl. ¶¶ 14–15.) Thus, according to PPI, the total amount Lauren still owes PPI is $2,755,975.69. (Compl. ¶ 15.) Lauren allegedly refuses to approve change orders reflecting these additional costs. (Compl. ¶ 11.)

The subcontract between PPI and Lauren contains a dispute resolution clause, which provides for an initial mediation and, if that is not successful, a subsequent binding arbitration. (Compl. Ex. B at 23–24.) PPI and Lauren attended an initial mediation and PPI alleges it has complied with all contractual dispute resolution procedures. (Compl. ¶¶ 25-26.) PPI served a demand for arbitration on Lauren on January 11, 2018, and PPI and Lauren are currently proceeding with arbitration before the American Arbitration Association ("AAA"). (Compl. ¶ 27.) PPI asserts that Lauren and PPI have since taken substantial steps in the arbitration forum, including selecting arbitrators, holding a scheduling conference, setting deadlines, requesting discovery, discussing depositions, and exchanging about 300,000 pages of documents. (Dean Decl. ¶ 13 [Doc. No. 40].) The arbitration hearing is scheduled to commence on December 10, 2018. (Compl. ¶ 27.)

On May 18, 2018, after serving its demand for arbitration, PPI also filed a lawsuit in state court against St. Paul and Lauren to foreclose on its mechanic's lien and for quantum meruit and unjust enrichment; PPI also asserts a claim for breach of contract against Lauren.[3] (Ntc. Removal ¶ 1 [Doc. No. 1]; Compl. ¶¶ 34-56.) St. Paul removed

---

[3] PPI originally also sued Northwestern National Bank of Minneapolis, which has since been dismissed.

the action to federal court on June 7, 2018.

## II.   Discussion

### A.   PPI's Motion to Stay This Lawsuit Pending the Outcome of Arbitration, and Lauren's Motion to Stay Arbitration

#### 1.   Claims Between PPI and Lauren

The Federal Arbitration Act ("FAA") provides for a stay of proceedings when issues raised in a lawsuit are the subject of arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is preferable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  "When two parties agree to resolve a dispute within an arbitral, as opposed to a judicial, forum the Court should honor and enforce that agreement." *Johnson v. Hubbard Broad., Inc.*, 940 F. Supp. 1447, 1454 (D. Minn. 1996).  Under the FAA, "an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983).

Here, the dispute resolution clause in the subcontract requires arbitration of any dispute "regarding the application or interpretation of any provision of this Subcontract or any disputes arising under the Subcontract."  (Compl. Ex. B at 23.)  The disputes raised by PPI against Lauren in this lawsuit fall squarely under this provision.  The fact that St. Paul is a party to the underlying dispute but not the arbitration agreement does not

4

preclude applicability of the arbitration agreement. *See Moses H. Cone*, 460 U.S. at 20. Accordingly, PPI's claims against Lauren should be stayed pending arbitration.

Lauren contends, however, that PPI's filing of this lawsuit operated as a waiver of its right to arbitrate, citing *Prestressed Concrete, Inc. v. Adolfson & Peterson, Inc.*, 240 N.W.2d 551, 552-553 (Minn. 1976). But *Prestressed Concrete* does not mention waiver. Rather, the court held that in the context of a complex multiparty litigation, the extent to which an arbitration agreement between two of the parties will be enforced should be determined by balancing their interests and the policies supporting arbitration against the interests of the other parties and the policies supporting joinder of parties and claims. *Id.* at 552. Critical to the court's analysis were the facts (1) that of the five parties involved, three were not subject to arbitration, and (2) that the primary issues in the litigation would not be arbitrated. *Id.* at 553. The present case is quite different. Only one party would be absent from the arbitration, rather than three. Furthermore, there is no suggestion that the primary issues are not subject to arbitration.

Lauren also relies on *County of Hennepin v. Ada-Bec Systems*, 394 N.W.2d 611, 613 (Minn. Ct. App. 1983), and *Illinois Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 798 (Minn. 2004), for the general proposition that the right to arbitration may be waived. But *Illinois Farmers* held that an insurance company did not waive its right to demand arbitration by pursuing litigation in court, and noted that in its previous cases finding waiver, the court actions had been litigated for more than a year before the party demanded arbitration. 683 N.W.2d at 800. In the present case, by contrast, PPI initiated litigation only to preserve its mechanic's lien rights under Minn. Stat. § 514.12, subd. 3,

5

which requires a mechanic's lien suit to be filed within a year after the last date of work. (*See* Pl.'s Mem. Supp. Mot. Stay at 3 [Doc. No. 40].)  Since the outset, PPI has been consistently clear with St. Paul, Lauren, and the Court that it fully intended to proceed with its claims in arbitration and would seek to stay this lawsuit in favor of arbitration. (Compl. ¶ 32 ("PPI consents to stay this lawsuit pending completion of the AAA Arbitration between PPI and Lauren."); Dean Decl. Ex. F (Dean Email, May 26, 2018 [Doc. No. 37-1], Ex. G (Dean Email, May 29, 2018) [Doc. No. 37-1].)  *Ada-Bec* also found no waiver because of the "unchanging intention" of the party seeking arbitration. 394 N.W.2d at 613.

In *Parler v. KFC Corp.*, the Honorable Patrick J. Schiltz described a three-part test for determining when a party has waived the right to arbitrate: "(1) the party knew of an existing right to arbitrate; (2) the party acted inconsistently with that right; and (3) those inconsistent acts prejudiced the other party."  529 F. Supp. 2d 1009, 1014 (D. Minn. 2008) (citing *Lewallen v. Green Tree Servicing, L.L.C.*, 487 F.3d 1085, 1090 (8th Cir. 2007)).  The plaintiffs in *Parler* sought to arbitrate only after they filed suit, opted into a class action, and asked the Court to divide the class into several state-level classes and transfer those cases to other courts.  *Id.*  By these actions, the plaintiffs "demonstrate[d] that their first-choice forum was federal court."  *Id.*  Here, on the other hand, PPI sought first to arbitrate, has moved steadily forward in that forum, filed suit only to protect its mechanic's lien rights, and promptly sought to stay the litigation pending the outcome of the arbitration.

The Court also finds § 5.29 of the Minnesota Practice Series instructive here.  That

6

section addresses the commencement of foreclosure proceedings to protect a mechanic's lien, and endorses the sequence of arbitration and litigation PPI employed here:

> It should be noted that commencing or responding in an arbitration proceeding, an alternative dispute resolution procedure common to construction contracts, is probably not sufficient to satisfy the statutory requirement for commencing an action.[]  Arbitration clauses often state that arbitration is a condition precedent to maintaining any legal action.  In such cases, the owner may be entitled to a stay of the mechanic's lien foreclosure proceeding pending arbitration.  In any event, a claimant faced with an arbitration clause still should commence its foreclosure proceeding before one year has run from the date of its last item of contribution.  The claimant then may proceed in arbitration on its claim and still have its mechanic's lien rights preserved.

25 Minn. Prac., Real Estate Law § 5:29 (2017).

In sum, the Court finds that PPI did not waive its right to arbitrate by commencing this lawsuit.  Accordingly, the Court recommends that PPI's motion to stay litigation in this Court of its claims against Lauren pending arbitration be granted, and that Lauren's motion to stay the arbitration be denied.

### 2. Claims Between PPI and St. Paul

Because St. Paul is not a party to the subcontract, the question arises whether the Court should exercise its discretion to stay the disputes between St. Paul and PPI pending the arbitration between Lauren and PPI.  Though PPI is not entitled to compel arbitration of its claims against St. Paul, the Court "has discretion to stay 'third party litigation [that] involves common questions of fact that are within the scope of the arbitration agreement.'" *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 782 (8th Cir. 2001) (quoting *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983)); *see also Moses H. Cone*, 460 U.S. at 20 n.23 ("In some cases . . . it may

7

be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket.").

The Eighth Circuit addressed a situation similar to the one here in *Contracting Northwest, Inc. v. City of Fredericksburg*, 713 F.2d 382 (8th Cir. 1983). In that case, the district court stayed litigation between the City and Contracting Northwest pending their arbitration, and also stayed the City's litigation against two other parties even though the City had no arbitration agreement with those parties, finding that the disputes involved common questions of law and fact, would require the same witnesses and evidence, and fell within the scope of the arbitration agreement between Contracting Northwest and the City. *Id.* at 386. The court cited with approval a Fourth Circuit opinion, *American Home Assurance Co. v. Vecco Concrete Construction Co.*, 629 F.2d 961 (4th Cir. 1980), which concerned an arbitration agreement between a general contractor and a subcontractor. The Fourth Circuit determined that third-party litigation between the subcontractor and the subcontractor's bonding company should be stayed during the arbitration in view of common questions of fact, considerations of judicial economy, avoidance of confusion, and possible inconsistent results. *Id.* at 963–64.

In cases subsequent to its decision in *Contracting Northwest*, the Eighth Circuit has identified the following factors as relevant to whether a court should exercise its discretion to stay a case pending arbitration: "(1) the risk of inconsistent rulings, (2) the extent to which the parties will be bound by the arbitrators' decision, and (3) the prejudice that may result from delays." *AgGrow*, 242 F.3d at 783; *see also Reid v. Doe*

8

*Run Res. Corp.*, 701 F.3d 840, 845 (8th Cir. 2012).  As in the present case, *AgGrow* involved a lawsuit with parties and claims beyond those involved in the pending, related arbitration, but the Eighth Circuit instructed the district court on remand to consider whether the litigation should be stayed in its entirety in light of the relevant factors. 242 F.3d at 783.

St. Paul seeks to distinguish *Contracting Northwest* and *AgGrow*, particularly on the ground that the party seeking to stay the litigation in favor of arbitration in those cases was not the party who commenced the lawsuit, as PPI did here.  But the Court has already concluded that PPI did not waive its right to arbitrate and the arbitration should proceed; thus, the relevant factors identified by the Eighth Circuit still apply, regardless of this factual distinction.  St. Paul has not cited any authority to the contrary.

Weighing the factors in this case favors staying the lawsuit, including the claims against St. Paul, pending arbitration.  There is a risk of inconsistent rulings, but not more than that inherent in any parallel actions.  This factor is therefore neutral.  Both PPI and Lauren—the parties who have the most at stake—will be bound by the arbitrators' decision.  This factor weighs in favor of arbitration.  There will be little prejudice caused by the delay; indeed, PPI and Lauren will likely receive a decision from the arbitration panel far sooner than they would proceed to trial in this case.  The arbitration proceeding is headed for a hearing set for mid-December.  Moreover, St. Paul stands to save valuable time and significant legal fees from a stay of litigation, while Lauren and PPI resolve their disputes in arbitration.  In the best case scenario, if PPI recovers fully from Lauren in the arbitration proceeding, then PPI will have no reason to pursue any relief from

9

St. Paul. Consequently, the third factor also favors staying this case.[4]

Other factors also weigh in favor of staying the entire litigation in favor of arbitration. The primary issue in the arbitration and in this lawsuit is the amount PPI is owed for the work it performed pursuant to the subcontract. Regardless of the forum, this dispute is based on the same questions of law and fact and will require the same witnesses and evidence. Even the non-arbitrable claims, such as the validity of the mechanic's lien, will be based on the same evidence. Additionally, St. Paul has the option to intervene in the AAA action should it wish to participate in that proceeding, though it is not required to do so.

St. Paul does not engage in a comprehensive discussion of the relevant factors but instead relies on *Simitar Entertainment, Inc. v. Silva Entertainment, Inc.*, 44 F. Supp. 2d 986 (D. Minn. 1999), for the general proposition that only a claim subject to arbitration, and not non-arbitrable claims, should be stayed. But in that case, unlike here, the court determined that the arbitrable breach of contract claims did not predominate over the non-arbitrable fraudulent conspiracy, deceptive trade practices, fraud, tortious interference with contractual relationships, breach of fiduciary duties, unjust enrichment, and conversion claims, and thus declined to stay those claims. *Id.* at 998. The court

---

[4] PPI also argued that St. Paul would not be prejudiced by a stay of the litigation because it could "bond over" PPI's mechanic's lien pursuant to Minnesota Statute § 514.10. According to PPI, this could result in St. Paul's dismissal from the lawsuit. In response, St. Paul argued that obtaining a bond would be financially onerous and that the availability of a bonding mechanism is irrelevant to whether it would be prejudiced. Because PPI raised the bonding procedure on behalf of St. Paul, and St. Paul does not appear to be inclined to utilize the procedure, the Court will not consider it in assessing prejudice.

recognized, however, that a stay should be expanded "to encompass all of the non-arbitrable claims . . . where the arbitrable claims predominate, or where the outcome of the non-arbitrable claims will depend upon the arbitrator's decision." *Id.*  The crux of the case at hand is the breach of contract claim between PPI and Lauren.  That claim is an arbitrable claim that predominates over other non-arbitrable claims.  Additionally, the outcome of the non-arbitrable claims will depend in large part on the outcome of the arbitration.

### 3. Recommendation

For the reasons set forth above, the Court recommends that PPI's motion to stay this lawsuit in its entirety pending the outcome of arbitration be granted, and that Lauren's motion to stay arbitration be denied.

### B. St. Paul's Motion for Judgment on the Pleadings and Lauren's Motion to Join in that Motion

St. Paul moves pursuant to Rule 12(c) for a judgment on the pleadings limiting PPI's potential recovery in this matter to $729,761.28.  St. Paul also argues that PPI's quantum meruit and unjust enrichment claims fail as a matter of law.  All of St. Paul's arguments rest on the provisions of the contract between Lauren and PPI, which is at the heart of the issues to be arbitrated.  In light of the Court's recommendation to grant PPI's motion to stay this lawsuit pending the outcome of arbitration, the Court recommends that St. Paul's motion for judgment on the pleadings be denied without prejudice. St. Paul may renew its motion, if necessary, after the arbitration award.  Similarly, Lauren's motion to join in the motion for judgment on the pleadings should be denied

without prejudice.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant St. Paul Park Refining Co. LLC's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. No. 15] be **DENIED WITHOUT PREJUDICE**;

2. Defendant Lauren Engineers & Constructors, Inc.'s Motion for Joinder in Motion for Judgment on the Pleadings [Doc. No. 21] be **DENIED WITHOUT PREJUDICE**;

3. Plaintiff Pioneer Power, Inc.'s Motion to Stay Proceedings Pending the Outcome of Arbitration [Doc. No. 28] be **GRANTED**; and

4. Defendant Lauren Engineers & Constructors, Inc.'s Motion to Stay Arbitration [Doc. No. 30] be **DENIED**.

Dated: October 16, 2018

    s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written

objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).