# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| PIONEER POWER, INC., | Civil No. 18-1586 (JRT/HB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDDATION** |
| ST. PAUL PARK REFINING CO. LLC AND LAUREN ENGINEERS & CONSTRUCTORS, INC., | |
| Defendants. | |

Aaron A Dean, **MOSS & BARNETT, P.A**., 150 South Fifth Street, Suite 1200, Minneapolis, MN 55402, for plaintiff.

Shawn M Raiter, **LARSON KING, LLP,** 30 East Seventh Street Suite 2800, St. Paul, MN 55101; and Paul Mitchell, **HICKS THOMAS LLP**, 700 Louisiana Street, Suite 2000, Houston, TX 77002, for defendants.

Pioneer Power, Inc. ("Pioneer") brings this lawsuit to recover money owed to it by defendants St. Paul Pioneer Refining Co., LLC ("SPPRC") and Lauren Engineers & Constructors, Inc. ("Lauren") for work it performed at a refinery owned by SPPRC. SPPRC has filed a limited objection to Magistrate Judge Bowbeer's Report and Recommendation ("R&R"). Because the Court does not find the language SPPRC objected to clearly erroneous, the Court will deny the objection and adopt the R&R.

## BACKGROUND

**1. Factual Background**

SPPRC hired Lauren as a general contractor for a construction project to be completed at a refinery owned by SPPRC. (Notice of Removal ¶ 1, Ex. A ("Compl.") ¶ 6, June 7, 2018, Docket No. 1-1.) Lauren, in turn, subcontracted with Pioneer to perform piping fabrication and installation. (*Id.* ¶ 7.) The original subcontract was for $6,748,624.80, but subsequent changes increased the amount to $8,679,888.74. (*Id.* ¶ 8–9.) Pioneer claims that Lauren has paid all but $729,761.28 of that amount. (*Id.* ¶ 10.) Additionally, Pioneer alleges that Lauren and SPPRC owe Pioneer an additional $2,026,214.41 for costs associated with delays and disruptions caused by Lauren and SPPRC. (*Id.* ¶ 15.) This brings Pioneer's total demand to $2,755,975.69. (*Id.*)

The subcontract between Pioneer and Lauren contains a binding arbitration clause, and on January 11, 2018, Pioneer served an arbitration demand on Lauren. (*Id*. ¶¶ 7, 27, Ex. B at 44-45.) On May 18, 2018, Pioneer filed a lawsuit in Minnesota state court against Lauren and SPPRC, seeking to foreclose on a mechanic's lien, and asserting quantum meruit, unjust enrichment, and breach of contract. (Compl. ¶¶ 34–56.) SPPRC removed the lawsuit to federal court on June 7, 2018. (Notice of Removal, June 7, 2018, Docket No. 1)

On July 27, 2018, Pioneer moved to have this lawsuit stayed pending the outcome of its arbitration with Lauren. (Mot. to Stay the Proceedings, July 27, 2018, Docket No. 28.) In response, Lauren filed a Motion to Stay the arbitration pending the outcome of this lawsuit. (Mot. to Stay Arbitration, Aug. 10, 2018, Docket No. 30.) Additionally, SPPRC

brought a Motion for Judgment on the Pleadings (Mot. for J. on Pleadings, June 14, 2018, Docket No. 15), that Lauren seeks to join (Mot. for Joinder, June 14, 2018, Docket No. 21.)

**2. The Report and Recommendation**

These Motions were submitted to Magistrate Judge Hildy Bowbeer. She filed an R&R recommending that the Court grant Pioneer's Motion to Stay Proceedings and deny Lauren's Motion to Stay Arbitration. (R. & R. at 12, Oct. 16, 2018, Docket No. 73.) Because she recommended staying the court proceedings, she also recommended denying SPPRC's Motion for Judgment on the pleadings and Lauren's Motion for Joinder, without prejudice. (*Id.*)

Even though not all the claims asserted by Pioneer in this case will be arbitrated, and not all of the parties are subject to the arbitration, the Magistrate Judge found that significant factors weighed in favor of staying the entire lawsuit. She noted that both Pioneer and Lauren will be bound by the arbitrator's decision regarding what the value of the work done by Pioneer was, and that similar questions of law and fact are at issue in this case. (*Id.* at 9-10.) Additionally, because the value of the work done by Pioneer will impact the non-arbitrable claims, given that the non-arbitrable claims involve how much money Pioneer is due, the **"outcome of the non-arbitrable claims will depend in large part on the outcome of the arbitration."** (*Id.* at 11) (emphasis added.)

Additionally, the Magistrate Judge did not believe that SPPRC's interests would be prejudiced by a stay to this lawsuit, and in fact found that the exact opposite may be true. For instance, the heart of the current litigation is the payment dispute between Lauren and

Pioneer, something that will be decided at arbitration. Should Pioneer recover fully at arbitration, it would have no basis to pursue any relief from SPPRC. This outcome, combined with a stay, would save SPPRC significant time and legal fees. Moreover, the Magistrate Judge reasoned that **"[SPPRC] has the option to intervene in the [arbitration] action should it wish to participate in that proceeding, though it is not required to do so."** (*Id.* at 10) (emphasis added.) Thus, any prejudice to SPPRC in staying this lawsuit would be minimal.

### 3. SPPRC's Objections

Neither Lauren nor Pioneer objected to the R&R. Additionally, none of the parties objected to the Magistrate Judge's ultimate recommendation to stay the lawsuit. Rather, SPPRC objects to two sentences the Magistrate Judge included in her R&R. First, SPPRC objects to the statement that "[SPPRC] has the option to intervene in the [arbitration] action should it wish to participate in that proceeding, though it is not required to do so." (*Id.* at 10.) Second, it objects to the statement that the "outcome of the non-arbitrable claims will depend in large part on the outcome of the arbitration." (*Id.* at 11.) SPPRC argues that these two statements are incorrect and have the potential to prejudice it as the case moves forward, and requests that the Court refuse to adopt them.

### DISCUSSION

The statements SPPRC objected to were made in reference to the Motion to Stay the Proceedings, which is a non-dispositive motion. Thus, the Court will review the two objections under the standard of review for nondispositive pretrial matters. 28 U.S.C. §

636(b)(1)(A); D. Minn. LR. 72.2. Under that standard, a district court must "modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or contrary to law." D. Minn. LR. 72.2(a)(3); *see also* 28 U.S.C. § 636(b)(1)(A).

The Court finds that neither of the objected to statements are clearly erroneous or contrary to the law. SPPRC objects to the first statement because: 1) "a party cannot be compelled to arbitrate claims that it has not agreed to arbitrate;" and 2) "the arbitration will not afford [SPPRC] a full and fair opportunity" to litigate and it would be prejudiced by the forum. (Obj. to R. & R. at 4-5, Oct. 30, 2018, Docket No. 78.)

The statement in the R&R does not conflict with either of these points. Instead, the Magistrate Judge merely pointed out that SPPRC could join the arbitration, or could have in the past, to reason that staying the litigation would not unjustifiably burden SPPRC or leave its rights wholly unprotected. In no way does the Magistrate Judge state that SPPRC should be required to arbitrate nor assert that SPPRC is wrong for failing to arbitrate. The Court sees no issue with the statement.

SPPRC objects to the second statement because SPPRC "cannot be bound by any ruling in the arbitration because the doctrines of res judicata and collateral estoppel do not apply" to it. (*Id.* at 5.) Once again, SPPRC reads more into the statement than the Magistrate Judge intended. Magistrate Judge Bowbeer did not say that SPPRC would be legally bound by the arbitrator's decision. Instead, she was simply saying that the outcome of arbitration will significantly affect the lawsuit here, including how the parties proceed. Again, the Court sees no problem with the statement, and it is not clearly erroneous.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. SPPRC's Objections to the Magistrate Judge's Report and Recommendation [Docket No. 78] is **DENIED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 73] is **ADOPTED**;

3. SPPRC's Motion for Judgment on the Pleadings [Doc. No. 15] is **DENIED WITHOUT PREJUDICE**;

4. Lauren's Motion for Joinder in Motion for Judgment on the Pleadings [Doc. No. 21] is **DENIED WITHOUT PREJUDICE;**

5. Pioneer's Motion to Stay Proceedings Pending the Outcome of Arbitration [Doc. No. 28] is **GRANTED**; and

6. Lauren's Motion to Stay Arbitration [Doc. No. 30] is **DENIED**.

DATED: February 5, 2019            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                       Chief Judge
                                         United States District Court